HOWK v. ECKERT, appellant.

*Promissory note — illegal consideration — bona fide holder.*

An article was stolen from the premises of B., and was afterward found in defendant's possession. Defendant was under apprehension that he might be prosecuted, and B. took advantage of this circumstance to induce defendant to "settle" by giving B. a promissory note. B. gave defendant a receipt in which he promised not to prosecute defendant for any "cause of action that may have accrued before this date." In the same receipt B. also promised that if any party should prosecute any criminal action against defendant "for any cause that may have arisen before this date" he would refund. B. afterward transferred the note to plaintiff, who kept a store, at which B. was a customer, and plaintiff credited the note on B.'s account. Plaintiff was acquainted with the circumstances under which B. obtained the note. *Held,* that the note was void for want of a valid consideration, and that plaintiff was not a *bona fide* holder.

APPEAL by defendant, Eckert, from a judgment entered on the report of a referee. The action was brought by Charles L. Howk against Talmadge Eckert, the maker of a promissory note for $55.00, and Cornelius Bishop, indorser. The opinion states the case.

*Wm. Lounsbery* and *B. Turner, Jr.,* for appellant, cited *Wood* v. *Robinson,* 22 N. Y. 564, 567; *Turner* v. *Treadway,* 53 id. 650; *Richard* v. *Vanderpool,* 1 Daly, 71; *Eadie* v. *Slimmon,* 26 N. Y. 9; *Com. Bank* v. *City of Rochester,* 41 Barb. 341; *Wiggin* v. *Bush,* 12 Johns. 307; *Welch* v. *Sage,* 47 N. Y. 143; *Weaver* v. *Barden,* 49 id. 286, 291.

*A. Schoonmaker, Jr.,* and *Gideon Hill,* for respondent. The consideration was good. *Stewart* v. *Ahrenfeldt,* 4 Den. 189; *Seaman* v. *Seaman,* 12 Wend. 381; *Russell* v. *Cook,* 3 Hill, 504;

*Crans* v. *Hunter*, 28 N. Y. 389 ; *Billings* v. *Van Derbeck*, 23 Barb. · 546 ; *Keir* v. *Leeman*, 51 Eng. Com. Law, 308 ; *Steuben County Bank* v. *Mathewson*, 5 Hill, 249. Plaintiff was a *bona fide* holder. Edwards on Notes, 318, 337, 372, 373.

·BOARDMAN, J.  In the fall of 1872 a larceny was committed in plaintiff's store, and on the same night in one Bishop's tavern.  A keg of whisky was stolen from Bishop's, which was afterward found in defendant's possession.  On the 8th of November the defendant gave Bishop the note in suit, and Bishop gave a receipt to defendant as follows :

"Rec'd. Showkan, Nov. 8, 1872, of Talmadge Eckert, sixty-five dollars, in full settlement of all claims or demands for damages that I have against him of every name and nature.  And I hereby promise not to prosecute nor cause to be prosecuted any action or cause of action that may have accrued before this date. And I further promise that if any party shall in good faith prosecute any criminal action against said Talmadge Eckert, for any cause that may have arisen before this date, I will refund the money.  "C.  D.  BISHOP."

On the 18th of November Bishop sold and transferred the note to plaintiff, who brought action upon it after it became due, defendant refusing to pay it.  The action is defended on the grounds : 1st. That the note is void for want of consideration.  2d. That it was obtained from defendant by fraud, false representations and menaces of a prosecution for a felony.  3d. That plaintiff was not a purchaser in good faith of said note.  It is apparent from the case that defendant gave this note solely because the keg of stolen whisky was found in his possession.  No other consideration is shown or pretended.  It is equally apparent that defendant did not steal it.  Bishop took advantage of the circumstances to induce defendant to give this note.  Defendant was under apprehension that he might be prosecuted, was told so by various persons, and was advised to settle.  He did settle, and the receipt taken by him clearly shows the motives that induced the settlement.  He understood it was to be a settlement of the criminal charges which might be supported by the stolen keg of whisky found in his possession., For this reason he required the last clause to be inserted in the receipt.  Bishop recognized the agreement by signing the receipt.

All the pretended damages for any civil cause of action were to be returned to defendant in case he was criminally prosecuted. It was, therefore, evidently only a settlement of the criminal charge, and such being the consideration the note was void. All the evidence is consistent with this view and corroborates it.

The pleadings on the part of the defendant do not allege that a felony had been committed, and that this note was given to Bishop, who knew of such felony, as a consideration for not prosecuting defendant therefor. *Steuben Co. Bank* v. *Mathewson*, 5 Hill, 253. Such, however, was substantially the defense interposed, and evidence was admitted upon that theory. The case was tried upon that issue. An amendment to that effect would have been allowed upon the trial, of course, and in the furtherance of justice should be now allowed upon appeal. Code, § 173. Treating the answer as amended so as to conform the same to the facts proved, it is not difficult to say that the note was given for an illegal consideration, and was void in its inception.

It remains to be seen whether the plaintiff is a *bona fide* purchaser of this note from Bishop. To entitle a person to protection against a prior equity, he must not only be a purchaser without notice, but he must have paid the purchase-money, or some part thereof, or have parted with something of value upon the faith of the purchase. Mere credit upon a pre-existing debt is not sufficient. *Weaver* v. *Barden*, 49 N. Y. 286, 291.

The plaintiff was not a purchaser without notice. He was consulted as to the propriety of the settlement between Bishop and defendant. He knew that negotiations for such settlement were going on. He talked with Bishop in reference to the property stolen from each. He knew defendant gave Bishop a note for $65 upon such settlement. He made no inquiry of Bishop what the note was given for when he bought it. The settlement had been discussed in his store in his presence. It was a subject of frequent discussion among the citizens of that locality. The theft and the finding of the stolen keg of whisky in defendant's possession was well known to plaintiff. He had a common interest with defendant in the recovery of the stolen property and punishment of the thieves. Under such a state of facts it would be idle to say that plaintiff had no notice of the origin and consideration of this note.

Besides, plaintiff parted with nothing upon the faith of the purchase of this note. Bishop was plaintiff's regular customer; was a

responsible man and of good credit; plaintiff was willing to trust him. It was not, therefore, a case of a note taken to secure further credit or to bolster up a doubtful responsibility. The note was not needed for any such purpose. Nor was any such contract made between the parties on the sale. The note was taken of Bishop and credited generally upon plaintiff's account theretofore existing against Bishop. The balance of that account was then over $100, far in excess of the amount of the note. On such a credit the law makes its application upon the account in order of time. The earlier part of the account was thereby paid. *Truscott* v. *King*, 6 N. Y. 147; *Webb* v. *Dickinson*, 11 Wend. 62.

There is no evidence that any other agreement was made. No charge was made against Bishop upon that date. Plaintiff testifies he let him have some flour (two barrels) upon the note. But he does not pretend that he parted with the flour upon the faith of such purchase. In fact the flour was not delivered or charged at the time the credit was given for the note. Nothing in fact passed upon the day of the purchase which can be honestly deemed a new and independent consideration therefor. The attempt to show it is an afterthought without a substantial basis for its support. Neither party understood or believed that Bishop's responsibility was doubted, or that the transfer was necessary to secure further credit. Nothing of the kind was said. The note was taken by plaintiff because it was perfectly good, unless the consideration could be impeached. Judging from the evidence returned he attempted to avoid that risk by shutting his eyes and closing his ears. But the attempt is and ought to be a failure. Great sanctity is due to commercial paper in the hands of *bona fide* purchasers before due. But equal respect should be shown to considerations of public policy and common equity in stopping the transfer of void paper secured through fraud, duress or the violation of positive law. When parties seek to recover upon vicious paper, they must come into court with clean hands. Their title must be superior to the maker's equities.

Believing this plaintiff to be a purchaser in bad faith, and without any new consideration arising out of such purchase, the judgment entered upon the report of the referee should be set aside, referee discharged and a new trial granted, with costs to abide the event.

*Judgment reversed, and new trial granted.*